

THE ATTORNEY GENERAL
OF TEXAS

GROVER SELLERS
JOE ~~~~~~~~~~~~~~~~~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. George H. Sheppard
Comptroller of
 Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7145
Re: Whether cost of pelletiz-
ing carbon black should be
classed as packing expense in
arriving at market value for
tax purposes.

     Your letter of September 17, 1946 requests our opinion on the above question.

     From the facts given, it appears that Continental Carbon Company produces and manufactures "Class B" carbon black as defined in Subdivision 46 of Article 7047, V.A.C.S. Such statute levies a tax of 5.2% "of the value of all such carbon black produced or manufactured where the market value is in excess of four (4¢) cents per pound." The statute defines market value as the average sales price "less the cost of packing, freight, and cartage."

     The statute further states:

     "The term 'carbon black' as herein used
includes all black pigment produced in whole
or in part from natural gas, casing-head gas
or residue gas by the impinging of a flame
upon a channel disk or plate, and the tax here-
in imposed shall reach all products produced in
such manner."

     Your letter encloses a diagram showing the various steps used by Continental Carbon Company in the production and sale of its product. In the burner house, the impinging of a flame burning natural gas deposits black upon a moving channel. The black is scraped off, is put through an air separator for removal of foreign substances and then is driven through a "micro-pulverizer" to insure fineness.

     At this point, according to the information furnished, the black is in a fine, powdery form, similar to ordinary soot and now has all the physical characteristics necessary for commercial use. About 5% of the product is actually sold in this form. However, it cannot be shipped in bulk but must be carefully packed in necessarily bulky packages. It has been discovered that by agitating this product in a rotating, horizontal

drum, it would be converted into pellets. In this form, the black can be shipped in bulk in covered hopper cars, and, because of its density, in smaller sized bags. The change effected by pelletizing is simply to change the shape of the black for economy and convenience in shipping and ultimate use. No chemical change takes place. About 95% of the product is shipped in this manner.

If the expense of pelletizing is a "cost of packing", then, under the terms of the statute, it is properly deductible from the sales price in determining the market value of the carbon black for tax purposes. We think such deduction is proper.

In State v. Parsons, 27 S.W. 1102 (Mo.), the court quoted from Keith v. State, 8 So. 353 (Ala.), as follows:

"The term 'to pack', in its ordinary signification, especially when used in reference to carriage, means to place together and prepare for transportation. . ."

The pelletizing operation appears clearly to be part of the preparation for transportation. It is not a part of the manufacturing process. A study of the tax statute convinces us that it was the intention of the Legislature to base this production tax on the market value of the finished product, to be determined by sales price less packing and shipping cost. We think the production or manufacture of the finished product, suitable for commercial use, is complete immediately prior to the pelletizing process.

The above question is accordingly answered in the affirmative.

APPROVED OCT 10, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      WVG, CHAIRMAN

JAS:ms:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ J. Arthur Sandlin
J. Arthur Sandlin, Assistant